**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ASHLEY  YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:23-cv-01339-JMS-TAB |
| | ) | |
| v. | ) | |
| | ) | |
| LUCKY 12, LLC, HALEY YOUNT, and | ) | |
| JOHN E. JANUSIEWICZ, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER**
**AND AFFIRMATIVE DEFENSES**

Defendants, by counsel, Terrance Kinnard, state the following:

## 1. INTRODUCTION

Since the beginning of Ms. Young's employment with SALT ON MASS in August 2016, the restaurant paid servers and bartenders less than the $7.25 minimum wage required by the FLSA. It also required its servers and bartenders to share portions of the tips they received with managers and supervisors, and with fellow employees who do not regularly and customarily receive tips. This includes a requirement that servers pay tips to owners after the restaurant was purchased by LUCKY 12 LLC in July 2019.

This unlawful tip-sharing requirement does not, however, account for all the tips wrongfully kept by Defendants. The income from tips identified on the tax forms generated by SALT ON MASS exceed the tips actually paid to its servers and bartenders. But when Ms. Young attempted to communicate with other of its tipped employees about this issue, SALT ON MASS retaliated by threatening her with litigation.

Ms. Young now seeks, individually and on behalf other similarly situated individuals, all available relief for Defendants' failure to pay minimum wage, unlawful retention of tips, and retaliation in violation of the FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq.* and the INDIANA CRIME VICTIM'S RELIEF ACT, Ind. Code § 35-43-4-3.

**ANSWER: Defendants deny all allegations contained in rhetorical paragraph 1 of Plaintiff's Complaint. Defendants Haley Yount and John E. Janusiewicz further deny being proper parties to this action.**

## 2.   JURISDICTION & VENUE

1.   This Court has original jurisdiction, under Ind. Code § 33-29-1.5-2(1) of Ms. Young's claims for violations of FLSA, and the INDIANA CRIME VICTIM'S RELIEF ACT, because "[a]ll superior courts have [ ] original and concurrent jurisdiction in all civil cases. . . .".

2.   This Court is a proper venue for this lawsuit, under Ind. T.R. 75(A)(4), because the office out of which the claims arose is located in Marion County.

**ANSWER: Defendants admit the jurisdictional and venue statements but notes the proper jurisdiction and venue in the United States District Court for the Southern District of Indiana by way of the federal question presented in the Complaint.**

## 3.  PARTIES

### 3.1. Plaintiff

3.  Plaintiff Ashley Young resides in Madison County, Indiana.

**ANSWER: Defendants are without sufficient information to admit or deny the allegations contained in rhetorical paragraph 3, and therefore deny the same.**

### 3.2. Defendant

4.  Defendant LUCKY 12 LLC d/b/a SALT ON MASS (Business ID No. 2015072000282) is a business with its principal office located in Marion County, Indiana.

**ANSWER: Defendants admit the allegations contained in rhetorical paragraph 4 of the Complaint.**

5.  Defendant Haley Yount resides in Hamilton County, Indiana.

**ANSWER: Defendants admit the allegations contained in rhetorical paragraph 5 of the Complaint.**

6.  Defendant John E. Janusiewicz resides in Hamilton County, Indiana.

**ANSWER: Defendants admit the allegations contained in rhetorical paragraph 6 of the Complaint.**

7.   Ms. Young worked as a server for SALT ON MASS from August 2016 through September 10, 2022.

**ANSWER: Defendants admit that, for a large part of the indicated time period, Ms. Young worked as a server.**

8.   As a server, Ms. Young was paid $2.13 per hour.

**ANSWER: Defendants admit Ms. Young was paid the tip minimum wage of $2.13, but assert she earned hourly wages far in excess of minimum wage.**

9.   In addition to her hourly wage, Ms. Young regularly and customarily received tips from her customers.

**ANSWER: Defendants admit the allegations contained in rhetorical paragraph 9 of the Complaint.**

10. SALT ON MASS paid its servers $2.13 per hour plus tips in the three years prior to the filing of this *Complaint*.

**ANSWER: Defendants admit the allegations contained in rhetorical paragraph 10 of the Complaint.**

11.  SALT ON MASS paid its bartenders $5.00 per hour plus tips in the three years prior to the filing of this *Complaint*.

**ANSWER: Defendants admit the allegations contained in rhetorical paragraph 11 of the Complaint.**

12. Servers and bartenders at SALT ON MASS regularly and customarily received tips from their customers in the three years prior to the filing of this *Complaint*.

**ANSWER: Defendants admit the allegations contained in rhetorical paragraph 12 of the Complaint.**

13. From August 2016 through the present, SALT ON MASS kept some of the tips paid by customers that were intended for Ms. Young.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 13 of the Complaint.**

14. SALT ON MASS also kept some of the tips paid by customers that were intended for its other servers and bartenders in the three years prior to the filing of this lawsuit.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 14 of the Complaint.**

15. SALT ON MASS used the tips it kept for purposes other than paying the servers and bartenders who earned them, including:

a. Payments to managers and supervisors; and

b. Payments to employees of SALT ON MASS who did not customarily regularly receive tips in their positions.

**ANSWER: Defendants deny retaining any tips paid or due to any server or bartender. Managers and supervisors, while filling in roles of servers or bartenders, would only retain tips paid to them as gratuities while serving in these roles.**

16. Defendants Yount and Janusiewicz were supervisors or managers of SALT ON MASS.

**ANSWER: Defendants admit the allegations contained in rhetorical paragraph 16 of the Complaint.**

17. Yount and Janusiewicz instituted or maintained SALT ON MASS's policies and practices relating to wages paid to its servers and bartenders.

**ANSWER: Defendants admit the allegations contained in rhetorical paragraph 17 of the Complaint.**

18. Yount and Janusiewicz received tips that were paid by customers of SALT ON MASS and that were intended for its servers and bartenders.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 18 of the Complaint. Managers and supervisors, while filling in roles of servers or bartenders, would only retain tips paid to them as gratuities while serving in these roles.**

19.  In early September 2022, Ms. Young complained to SALT ON MASS's about its pay practices, including its retention of her tips.

**ANSWER: Defendants admit the allegations contained in rhetorical paragraph 19 of the Complaint.**

20. SALT ON MASS did not schedule Ms. Young to work any shifts after September 10, 2022.

**ANSWER: Defendants admit the allegations contained in rhetorical paragraph 20 of the Complaint. Ms. Young was terminated for gross insubordination tied to her failure to comply with legitimate rules of Lucky 12, LLC by pouring alcoholic beverages for herself from the business's inventory.**

21.  In early 2022, Ms. Young received a 2021 Form W-2 from SALT ON MASS that reported earnings from tips greater than the tips she received.

**ANSWER: Defendants admit the allegations contained in rhetorical paragraph 21 of the Complaint.**

22. SALT ON MASS likewise reported earnings from tips for its other servers and bartenders that were greater than the tips those servers and bartenders received.

**ANSWER: Defendants admit that tips reported for servers would have been greater than the amounts received by the server due to tip outs to those staff members directly assisting the server with service of the customer. Defendants deny the remaining allegations contained in rhetorical paragraph 22 of the Complaint.**

23. On April 5, 2023, Ms. Young posted in a FACEBOOK group for the Indianapolis service industry about these issues to confirm that employees of SALT ON MASS had the same or similar experiences.

**ANSWER: Defendants admit that Ms. Young made a Facebook post about Salt on Mass, but denies the remaining allegations contained in rhetorical paragraph 23 of the Complaint.**

24. On April 7, 2023, SALT ON MASS sent a letter to Ms. Young (through counsel) directing her to take down her post by April 20, 2023; it threatened to sue her if she did not comply with this demand.

**ANSWER: Defendants admit the allegations contained in rhetorical paragraph 24 of the Complaint.**

25. Pursuant to 29 U.S.C. § 216(b), Ms. Young brings this FLSA collective action on behalf of herself and all other similarly situated servers and bartenders.

**ANSWER: Rhetorical paragraph 25 of the Complaint does not require a response, but to the extent a response is required, Defendants deny the allegations.**

26. Pending any modifications necessitated by discovery, Ms. Young brings these FLSA unpaid minimum wage and retention of tips claims on behalf of the following preliminarily defined collective of similarly situated employees ("COLLECTIVE")

> All employees who worked as servers or bartenders for LUCKY 12 LLC d/b/a SALT ON MASS at any time within three years of the filing of this Complaint through final disposition of this case ("COLLECTIVE ACTION PERIOD").

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 26 of the Complaint in that no proper class definition has been asserted.**

27. Ms. Young is a member of the COLLECTIVE because she worked for SALT ON MASS as a non-exempt, hourly employee who was subject to its practices of: (1) paying its servers and bartenders below the $7.25 minimum hourly wage, and (2) SALT ON MASS's retention of tips paid by its customers that were intended for its servers and bartenders.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 27 of the Complaint.**

28. At all relevant times, Ms. Young and all current and former servers and bartenders are and have been similarly situated and have been subjected to SALT ON MASS's common policies that deprive the COLLECTIVE of minimum wage and full payment of their tips.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 28 of the Complaint.**

29. At all times relevant to this lawsuit, SALT ON MASS had a policy or practice of not paying servers and bartenders the $7.25 minimum wage and of retaining tips paid by customers that were intended for servers and bartenders.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 29 of the Complaint.**

30. The precise number and identities of other persons yet to opt-in and consent to be members of the COLLECTIVE can be easily ascertained by using SALT ON MASS's payroll and personnel records.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 30 of the Complaint.**

31. Potential COLLECTIVE members may easily and quickly be notified of the pendency of this action by electronic and regular mail.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 31 of the Complaint.**

32. Ms. Young requests the Court to authorize notice to the COLLECTIVE members to inform them of the pendency of this action and their right to opt into this lawsuit as permitted by 29 U.S.C. § 216(b), for the purpose of seeking all available relief.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 32 of the Complaint.**

33. Pursuit of this lawsuit collectively will provide the most efficient mechanism for adjudicating the claims of Ms. Young and members of the COLLECTIVE.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 33 of the Complaint.**

34. Pursuant to Ind. T.R. 23, Ms. Young brings this CVRA class action on behalf of herself and all other similarly situated servers and bartenders.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 34 of the Complaint.**

35. Pending any modifications necessitated by discovery, Ms. Young brings this conversion-based CVRA claim on behalf of the following preliminarily defined class of similarly situated employees ("CLASS")

> All employees who worked as servers or bartenders for LUCKY 12 LLC d/b/a SALT ON MASS at any time within two years of the filing of this Complaint through final disposition of this case ("CLASS ACTION PERIOD").

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 35 of the Complaint makes any proper class definition and therefore denies all allegations contained in said paragraph.**

36. Ms. Young is a member of the CLASS because she worked for SALT ON MASS as a server and was subject to its practice of retaining tips paid by its customers that were intended for its servers and bartenders.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 36 of the Complaint makes any proper class definition and therefore denies all allegations contained in said paragraph.**

37. At all relevant times, Ms. Young and all current and former servers and bartenders are and have been similarly situated and have been subjected to SALT ON MASS's practice of retaining tips paid by its customers that were intended for its servers and bartenders.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 37 of the Complaint.**

38. At all times relevant to this lawsuit, Defendants had a policy or practice of retaining tips paid by customers that were intended for servers and bartenders.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 38 of the Complaint.**

39. The precise number and identities of other persons within the CLASS can be easily ascertained by using SALT ON MASS's payroll and personnel records.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 39 of the Complaint.**

40. Potential CLASS members may easily and quickly be notified of the pendency of this action by electronic and regular mail.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 40 of the Complaint.**

41. Ms. Young requests the Court to authorize notice to the CLASS members to inform them of the pendency of this action and their right to opt out of this lawsuit as required by Ind. T.R. 23(C).

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 41 of the Complaint.**

42. Pursuit of this lawsuit as a Rule 23 class will provide the most efficient mechanism for adjudicating the claims of Ms. Young and members of the CLASS.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 42 of the Complaint.**

43. SALT ON MASS employed Ms. Young from August 2016 through September 10, 2022;

**ANSWER: Defendants admit that Ms. Young was employed at Salt on Mass for a substantial portion of the time period alleged.**

44. During her employment, Defendants failed to pay Ms. Young the $7.25 minimum wage, required by the FLSA, for hours she worked, as required by the FLSA.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 44 of the Complaint.**

45. SALT ON MASS employed other servers and bartenders within the three years prior to the filing of this *Complaint* ("COLLECTIVE MEMBERS");

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 45 of the Complaint.**

46. Defendants failed to pay the COLLECTIVE MEMBERS minimum wage for the hours they worked, as required by the FLSA.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 46 of the Complaint.**

47. SALT ON MASS employed Ms. Young from August 2016 through September 10, 2022;

**ANSWER: Defendants admit that Ms. Young was employed at Salt on Mass for a substantial portion of the time period alleged.**

48. During her employment, Defendants retained tips paid by their customers that were intended for her.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 48 of the Complaint.**

49. SALT ON MASS employed servers and bartenders within the three years prior to the filing of this *Complaint*;

**ANSWER: Defendants admit the allegations contained in rhetorical paragraph 49 of the Complaint.**

50. Defendants retained tips paid by their customers that were intended for its servers and bartenders.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 50 of the Complaint.**

51. SALT ON MASS employed Ms. Young from August 2016 through September 10, 2022;

**ANSWER: Defendants admit that Ms. Young was employed at Salt on Mass for a substantial portion of the time period alleged.**

52. Ms. Young complained of SALT ON MASS's pay practices, including its retention of her tips.

**ANSWER: Defendants admit that Ms. Young questioned the tip payments, but explanation and documentation was provided to Ms. Young. Defendants deny retaining any tips owed to Ms. Young.**

53. Defendants failed to schedule Ms. Young for any shifts after September 10, 2022.

**ANSWER: Defendants admit the allegations contained in rhetorical paragraph 53 of the Complaint.**

54. Ms. Young also sought to confirm, through a FACEBOOK posting, that other employees of SALT ON MASS had the same or similar experiences.

**ANSWER: Defendants admit Ms. Young made a Facebook posting, but deny the remaining allegations contained in rhetorical paragraph 54 of the Complaint.**

55. In response, SALT ON MASS threatened to sue her.

**ANSWER: Defendants admit to making a legal demand, through counsel, for Ms. Young to remove her libelous publication.**

56. Defendants would have continued to schedule Ms. Young, and would not have threatened to sue her, but for her protected activities.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 56 of the Complaint. Ms. Young was terminated for gross insubordination related to the self-dispensing of alcoholic beverages for herself from the business's inventory.**

57. SALT ON MASS employed Ms. Young from August 2016 through September 10, 2022;

**ANSWER: Defendants admit that Ms. Young was employed at Salt on Mass for a substantial portion of the time period alleged.**

58. Defendants knowingly or intentionally exerted unauthorized control over tips paid by its customers that were intended for her.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 58 of the Complaint.**

59. The tips paid by customers of SALT ON MASS that were intended for Ms. Young were the property of Ms. Young.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 59 of the Complaint.**

60. SALT ON MASS employed servers and bartenders within the three years prior to the filing of this *Complaint*;

**ANSWER: Defendants admit the allegations contained in rhetorical paragraph 60 of the Complaint.**

61. Defendants knowingly or intentionally exerted unauthorized control over tips paid by its customers that were intended for its servers and bartenders.

**ANSWER: Defendants deny the allegations contained in rhetorical paragraph 61 of the Complaint.**

62. The tips paid by customers of SALT ON MASS that were intended for its servers and bartenders were the property of those servers and bartenders.

**ANSWER: Defendants admit the allegations contained in rhetorical paragraph 62 of the Complaint.**

Respectfully submitted,

By */s/ Terrance Kinnard.*
Terrance Kinnard, #22224-49
Kinnard Rowley Powers Jimenez
320 N. Meridian St., Ste. 1006
Indianapolis, IN 46204
Telephone: 317-855-6282
Facsimile: 317-855-6284
Email: tkinnard@krpjlaw.com

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

4. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

5. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

6. This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

7. In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work.

8. To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

9. Without assuming the burden of proof, Plaintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

10.    Plaintiff has failed to mitigate her alleged damages.

11.    Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

12.    Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

Respectfully submitted,


By */s/ Terrance Kinnard.*
    Terrance Kinnard, #22224-49
    Kinnard Rowley Powers Jimenez

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2023, a true and correct copy of this document was filed electronically. Notice of this filing will be hand-delivered on the same date (with courtesy email) to:

Benjamin C. Ellis
HKM Employment Attorneys LLP
320 N. Meridian Street, Ste. 615
Indianapolis, IN 46204
Email: bellis@hkm.com

/s/  **Terrance Kinnard**             .
Terrance Kinnard, #22224-49
Counsel for Defendants